IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | } | |
| | } | CASE NO. 14-12933 |
| ELITE OIL & GAS SERVICES, LLC | } | |
| | } | CHAPTER 11 |
| DEBTOR | } | |

## MOTION REGARDING AGREED ORDER FOR USE OF
## CASH COLLATERAL AND PROVIDING POSTPETITION LIENS

COMES NOW Elite Oil & Gas Services, LLC, the above Chapter 11 Debtor, and Gibsland Bank & Trust Company ("GB&T") representing to the Court that the parties stipulate and have agreed to the following:

1. On December 16, 2014 a Petition in Bankruptcy was filed with respect to the Debtor (the "Petition Date").

2. GB&T's claim encompasses three separate loans (as of December 16, 2014):

    #236006; Principal $124,515.14; Interest $255.00; Total $127,170.14; Due Date 12/19/14; Rate (5.75%); Per Diem $19.62; and Days Delinquent 0.

    #236011; Principal $1,000,000.00; Interest $ 8,136.98; Total $1,008,390.29; Due Date 11/10/14; Rate (4.50%); Per Diem $123.29; and Days Delinquent 34.

    #236014 (SBA); Principal $1,030,984.19; Interest $7,923.27; Total $1,039,707.46; Due Date 11/25/14; Rate (5.50%); Per Diem $155.35; and Days Delinquent 19.

3. Debtor executed a Commercial Loan Agreement and a Security Agreement for each loan. The three loans are cross-collateralized, and GB&T holds a validly perfected security interests in all of Debtor's inventory, accounts, accounts receivables, contracts, tort claims and all proceeds thereof;

and certain immovables, vehicles and equipment. GB&T's claim, comprised of the three loans described above, is fully secured.

4. Proceeds from the sale of inventory, collection of accounts and/or receivables and any other sums, tort claims and the product and proceeds thereof, cash or cash equivalents received from any source constitute cash collateral pursuant to 11 U.S.C.A. § 363 ("the Cash Collateral"). Debtor may not use Cash Collateral for any purpose without GB&T's consent or upon order of the Court. In consideration for GB&T's consent to the Debtor's use of Cash Collateral as provided herein and as partial adequate protection of Secured Creditor's security interest(s), Debtor proposes to grant GB&T a validly perfected first priority lien and security interest in all of Debtor's now existing and hereafter acquired inventory, accounts, accounts receivables, tort claims and the product and proceeds thereof, including all books and records pertaining to any of the above and all cash or cash equivalents now owned or hereafter acquired by the Debtor ("the Collateral"). The intent is to provide GB&T a post-petition security interest in (i) all assets in which a validly perfected lien existed as of the Petition Date, (ii) all property acquired by the Debtor after the Petition Date that is of the exact nature, kind or character of pre-petition collateral, (iii) all cash and receivables attributable to the GB&T's pre-petition collateral and (iv) replacement and additional liens in favor of GB&T to the extent that GB&T's liens may not have affected all of the above described collateral. Such post-petition security interest(s) shall be deemed effective and automatically perfected as of the Petition Date without the necessity of GB&T taking any further action. GB&T may, however, at its option, file continuation statements, financing statements or such documents as are necessary to affect its continuing validly perfected security interest in the Collateral. Upon request by GB&T, Debtor shall execute and deliver any and all such documents, or financing statements, as are necessary to effect and perfect GB&T's security interest as set forth in this paragraph. Debtor is

unable to obtain other post-petition financing and the business can not continue to operate without the Debtor's ability to use the cash collateral.

5. The Debtor shall be authorized to use Cash Collateral for the payment of necessary expenses incurred in the ordinary course of Debtor's business and administrative expenses. Such authorization is effective as of the Petition Date, December 16, 2014, and shall continue for a period extending to and including July 16, 2015, subject to the following terms and conditions:

(a) The Debtor shall provide to GB&T an initial aging of all accounts receivable and accounts payable and a list of all inventory.

(b) GB&T shall, at any time, be permitted to conduct a full inventory of all inventory, equipment and accounts and accounts receivables of the Debtor by visiting the Debtor's premises during ordinary business hours.

(c) Debtor shall provide GB&T a copy of all monthly reports immediately upon filing the reports with the Court and/or the Office of the United States Trustee.

(d) All Collateral shall be insured to its full value, and Debtor shall otherwise comply with the terms and conditions of the Security Agreement. Evidence of insurance listing GB&T as a first priority insured mortgagee/loss payee shall be provided immediately.

(d) Make monthly cash payments to GB&T in the amount of $4,700.00, to be applied to loan number 236014.

6. Any and all rights that GB&T has or may have to seek additional adequate protection for Debtor's use of cash collateral, to file for relief from the automatic stay, or to file to dismiss or convert the case, or otherwise to assert any other right or cause of action or seek further judicial relief or any other matter with respect to the Debtor, whether in this bankruptcy case, or otherwise, are

expressly reserved without prejudice.  Similarly, all rights of the Debtor to seek modification of this Cash Collateral Order are expressly reserved without prejudice.

      7.  Pursuant to Fed. R. Bankr. P. 4001(d), a copy of this Agreed Order shall be provided to any committee appointed in this case, or if no committee has been appointed to the 20 largest unsecured creditors and GB&T. This notice shall be mailed to the required parties within two business days following the entry of this Order. Any creditor or party in interest objecting to the entry of this Order must do so by the filing of a written objection with a request for a hearing within 21 days of the entry of this Order. Notice of the objection shall be served on the parties hereto. If no objection is filed, the terms and conditions of this Agreed Order shall be approved without further order and shall be binding on all parties in interest; it appearing to the satisfaction of the Court that the entry of this Order is in the best interest of the Debtor, its creditors and equity interest.

**Robert W. Raley & Associates**
By: /s/ Robert W. Raley
Robert W. Raley (LABN 11082)
290 Benton Road Spur
Bossier City, LA 71111
Telephone: (318) 747-2230
Telefax: (318)747-0106
rraley52@bellsouth.net
**Proposed Attorney for Debtor**

Concurring in the motion:
/s/ E. Keith Carter
E. Keith Carter, La. Bar No. 16,847
Rogers & Carter
4415 Thornhill
Second Floor, Suite A
Shreveport, Louisiana 71106
318/861-1111
318/868-2323 fax
ekcarter@rogerscarterlaw.com
ATTORNEYS FOR GIBSLAND BANK AND TRUST